UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIBERTY ACCESS TECHNOLOGIES LICENSING LLC, </br></br>Plaintiff, </br></br>v. </br></br>DORMAKABA USA, INC., </br></br>Defendant. | ) ) ) ) ) ) ) No. 1:23-mc-00047-JPH-TAB ) ) ) ) ) |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Motions for reconsideration " 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.' " *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911-12 (N.D. Ill. 2015) (quoting *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006)).  Manifest errors occur "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal citation and quotation marks omitted).  A party seeking reconsideration "bears a heavy burden," *Patrick*, 103 F. Supp. 3d at 912, and the decision whether to grant a motion to reconsider "is a matter squarely within the Court's discretion." *Darvosh v. Lewis*, No. 13 C 04727, 2015 WL 5445411, at *3 (N.D. Ill. Sept. 11, 2015) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d 1264, 1270 (7th Cir. 1996)).  In the case at bar, Defendant dormakaba USA, Inc., has met its burden.  The Court grants dormakaba's motion for reconsideration [Filing No. 19] and denies Plaintiff Liberty Access Technologies Licensing, LLC's motion to enforce subpoena.  [Filing No. 1.]

The underlying litigation giving rise to this action is *Liberty Access Technologies Licensing LLC v. Marriott International, Inc.*, No. 2:22-cv-00318-JRG (E.D. Tex.) (the "Texas Marriott Litigation"). dormakaba accuses Liberty Access of being dilatory in pursuing discovery in the Texas Marriott Litigation, resulting in burdensome and unreasonable requests on dormakaba. The Court generally agrees with this characterization. As set forth in dormakaba's response in opposition to Liberty Access's motion to enforce subpoena,[1] throughout the discovery period in the Texas Marriott Litigation, Liberty Access has failed to diligently and reasonably conduct both party and non-party discovery. [Filing No. 18, at ECF p. 7.] Fact discovery in the Texas Marriott Litigation opened almost one year ago on November 17, 2022, and Liberty Access learned of dormakaba shortly thereafter. Despite this, Liberty Access waited over seven months until June 30, 2023, before initiating its first contact with non-party dormakaba with service of the now-contested subpoena. [Filing No. 18, at ECF p. 2.]

The reason Liberty Access served this subpoena on dormakaba is readily apparent: Liberty Access is facing difficulty obtaining discovery from Marriott. Indeed, about a week after serving the instant motion on dormakaba, Liberty Access filed a motion to compel against Marriott in the Texas Marriott Litigation. And therein lies the problem. Non-party dormakaba should not be forced to bear the burden of responding to this subpoena given that Liberty Access has not properly demonstrated that it exhausted all options with regard to obtaining this same or similar discovery from Marriott. "Non-parties are entitled to greater protection in the discovery process than parties in the litigation." *Rexing Quality Eggs v. Rembrandt Enters, Inc.,* No. 3:17-

---

[1] The Court ruled on Liberty Access's motion to enforce subpoena on October 30, 2023. dormakaba did not file its response in opposition until October 31. Liberty Access does not contend dormakaba's response brief was untimely.

cv-00141-JMS-MPB, 2018 WL 11456638, at *2 (S.D. Ind. Aug. 24, 2018) (internal citation and quotation marks omitted). And "non-party status is a significant factor to be considered when assessing undue burden" under Rule 45. *Davis v. Carmel Clay Schools,* 286 F.R.D. 411, 413 (S.D. Ind. Oct. 11, 2012). "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents." *Arthrex, Inc. v. Parcus Medical, LLC*, No. 1:11-mc-00107-SEB-DML, at *6 (S.D. Ind. Dec. 21, 2021). The Court adopts such an approach as it relates to Liberty Access's subpoena.

Moreover, the meet and confer process between Liberty Access and dormakaba is ongoing. The subpoena Liberty Access originally served consisted of 16 requests for production and 11 deposition topics. dormakaba served objections to this subpoena, but offered to meet and discuss the issue. [Filing No. 18, at ECF p. 3.] Liberty Access waited almost two months to respond to this overture, and ultimately did so by informally sending an email to dormakaba on September 22, 2023, with six new requests for production and a demand for an immediate meet and confer. That meet and confer ultimately occurred on October 5, 2023, but did not resolve the discovery issues. On October 9, Liberty Access threatened to file a motion to compel if dormakaba did not respond to its requests. dormakaba responded the same day that it was "conferring about the new and different information" Liberty Access provided at the meet and confer. [Filing No. 18, at ECF p. 5.] Nevertheless, Liberty Access filed its motion to enforce subpoena on October 11, 2023.

It is obvious why Liberty Access was suddenly so eager to push for discovery despite its previous lack of diligence in doing so. Liberty Access remarked in correspondence at that time that "the clock continues to run on the parties' ability to obtain discovery in the underlying

3

case—the cutoff is November 13, 2023." [Filing No. 4, at ECF p. 4.] Remember that fact discovery in the Texas Marriott Litigation opened about a year earlier on November 17, 2022. [Filing No. 18, at ECF p. 2.] The fact that Liberty Access was playing beat the clock was largely of its own making, not that of dormakaba. Liberty Access should have allowed the meet and confer process to play out before burdening dormakaba with the instant motion to enforce.

Liberty Access's two-page response to dormakaba's motion for reconsideration contains no compelling argument to overcome dormakaba's requested relief. Liberty Access's response does little other than set forth the standard for motions for reconsideration, and provide some background for the context in which it submitted the proposed order that the Court signed granting its motion. [Filing No. 21, at ECF p. 2.] This background does, however, undercut dormakaba's suggestion that Liberty Access acted improperly. While it would have been appropriate for Liberty Access to alert the Court to the fact that it knew its motion to enforce subpoena would be opposed, the Court should have waited to see if dormakaba would file a response to the motion to enforce. The fact that the Court acted promptly—albeit one day before dormakaba filed its response—is not Liberty's Access's fault. Nor does anything else in dormakaba's briefing in connection with this disputed subpoena support its request for sanctions. [Filing No. 19-1, at ECF p. 16.]

For these reasons, the Court grants dormakaba's motion for reconsideration [Filing No. 19] of the Court's prior order [Filing No. 14]. Upon reconsideration, the Court denies Liberty Access's motion to enforce subpoena. [Filing No. 1.] This denial is without prejudice to Liberty Access's ability to file a renewed motion to enforce. However, such a motion may only be filed after Liberty Access: (1) has fully exhausted its efforts to obtain this discovery in the Texas Marriott Litigation; and (2) has satisfied its obligations to meet and confer with dormakaba on any

4

discovery issues. With respect to satisfying its meet and confer obligation, the Court directs Liberty Access to *Loparex, v. MPI Release Technologies,* 2011 WL 1871167, No. 1:09-cv-1411-JMS-TAB, at * 1-2 (S.D. Ind. May 16, 2021) (discussing what it means for counsel to confer in good faith).

    Date: 11/9/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email